EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Amarilis López González<br>Grace M. Marrero Clemente<br>Jorge L. Rovira García<br>Awilda González García | 2015 TSPR 107<br><br>193 DPR ____ |

Número del Caso: TS-9843
                  TS-14899
                  TS-4628
                  TS-11703

Fecha: 24 de junio de 2015

Materia: (Ver abajo)

**TS-9843 – Amarilis López González**
Conducta Profesional – La suspensión será efectiva el 2 de julio de 2015, fecha en que se le notificó a la abogada de su suspensión inmediata.

**TS-14899 – Grace M. Marrero Clemente**
Conducta Profesional – La suspensión será efectiva el 15 de julio de 2015, fecha del acuse de recibo de la notificación a la abogada de su suspensión inmediata por correo certificado.

**TS-4628 – Jorge L. Rovira García**
Conducta Profesional – La suspensión será efectiva el 10 de julio de 2015, fecha del acuse de recibo de la notificación a la abogada de su suspensión inmediata por correo certificado.

**TS-11703**
**Con posterioridad a emitir y notificar la opinión y sentencia, el Tribunal advino en conocimiento de que la Lcda. Awilda González había fallecido.**

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re | | |
| Amarilis López González | TS - 9843 | |
| Grace M. Marrero Clemente | TS - 14899 | Conducta |
| Jorge L. Rovira García | TS - 4628 | Profesional |
| Awilda González García | TS - 11703 | |

*Per Curiam*

En San Juan, Puerto Rico a 24 de junio de 2015.

## I.

Una vez más, nos vemos obligados a suspender a varios letrados y letradas del ejercicio de la abogacía por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC).

**A. TS - 9843**

La Lcda. Amarilis López González fue admitida al ejercicio de la abogacía el 25 de junio de 1991. El 23 de enero de 2015, la Directora Ejecutiva del PEJC nos informó que la

TS-9843; TS-14899; TS-4628; TS-11703

licenciada López González no cumplió con los requisitos de educación jurídica continua durante los periodos de 1 de mayo de 2007 al 30 de abril de 2009 y 1 de mayo de 2009 al 30 de abril de 2011. El PEJC le notificó ambos incumplimientos a la letrada y la citó a dos vistas informales.[1] Debido a que la licenciada López González no compareció a ninguna de las dos vistas, la Directora Ejecutiva nos refirió el asunto para nuestra atención. El pasado 31 de marzo de 2015 tomamos conocimiento del informe sobre incumplimiento presentado por la Directora Ejecutiva del PEJC y le concedimos a la licenciada López González un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, la licenciada López González no ha comparecido.

**B. TS – 14899**

La Lcda. Grace M. Marrero Clemente fue admitida al ejercicio de la abogacía el 26 de enero de 2004 y a la práctica de la notaría el 23 de mayo de 2008. El pasado 29 de enero de 2015, la Directora Ejecutiva del PEJC nos informó que la licenciada Marrero Clemente no cumplió con

---

[1] Según surge del informe de la Directora Ejecutiva del PEJC, las notificaciones fueron enviadas a la dirección de la licenciada López González que aparece en el Registro Único de Abogados (RUA), pero fueron devueltas por el servicio postal (RETURN TO SENDER/NO SUCH NUMBER/UNABLE TO FORWARD).

TS-9843; TS-14899; TS-4628; TS-11703

los requisitos de educación jurídica continua durante el periodo de 1 de mayo de 2009 al 30 de abril de 2011. El PEJC le notificó ese incumplimiento a la letrada y la citó a una vista informal.[2] Debido a que la licenciada Marrero Clemente no compareció a la vista, la Directora Ejecutiva nos refirió el asunto para nuestra atención. El 17 de febrero de 2015, tomamos conocimiento del informe sobre incumplimiento presentado por la Directora Ejecutiva del PEJC y le concedimos a la licenciada Marrero Clemente un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[3] Al día de hoy, la licenciada López González no ha comparecido.

**C. TS – 4628**

El Lcdo. Jorge L. Rovira García juramentó al ejercicio de la abogacía el 17 de diciembre de 1974. El 23 de enero de 2015, la Directora Ejecutiva del PEJC nos informó que el licenciado Rovira García no cumplió con los requisitos

---

[2] Según surge del informe de la Directora Ejecutiva del PEJC, las notificaciones fueron enviadas a la dirección de la licenciada Marrero Clemente que aparece en el RUA, pero fueron devueltas por el servicio postal (VACANT/UNABLE TO FORWARD). La citación fue reenviada al correo electrónico de la letrada.
[3] Nuestra notificación, enviada la dirección de la letrada según aparece en RUA, también fue devuelta por el servicio postal. No obstante, nuestra Resolución fue enviada a su correo electrónico. Igualmente, cuando el Alguacil del Tribunal Supremo intentó notificarle personalmente a la licenciada Marrero Clemente, la tía de esta le informó que la letrada se había mudado a Boca Ratón, Florida.

TS-9843; TS-14899; TS-4628; TS-11703

de educación jurídica continua durante los periodos de 1 de mayo de 2007 al 30 de abril de 2009 y de 1 de mayo de 2009 al 30 de abril de 2011. El PEJC le notificó los incumplimientos al letrado y lo citó a dos vistas informales. Debido a que el licenciado Rovira García no compareció a las vistas, la Directora Ejecutiva nos refirió el asunto para nuestra atención. El 31 de marzo de 2015, tomamos conocimiento del informe sobre incumplimiento presentado por la Directora Ejecutiva del PEJC y le concedimos al licenciado Rovira García un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, el licenciado Rovira García no ha comparecido.

## D. TS - 11703

La Lcda. Awilda González García juramentó al ejercicio de la abogacía el 26 de junio de 1996. El pasado 29 de enero de 2015, la Directora Ejecutiva del PEJC nos informó que la licenciada González García no cumplió con los requisitos de educación jurídica continua durante el periodo de 1 de mayo de 2009 al 30 de abril de 2011. El PEJC le notificó ese incumplimiento a la letrada y la citó a una vista informal. La licenciada González García no compareció a la vista, pero en vista de que la insuficiencia para el periodo 2009-2011 era de solo 2.87

TS-9843; TS-14899; TS-4628; TS-11703

créditos, se le otorgó un término adicional para que subsanara esa deficiencia, y al mismo tiempo se le informó que debía subsanar las deficiencias del periodo posterior de 2011 a 2013. Dado que la letrada no subsanó las deficiencias señaladas, la Directora Ejecutiva nos refirió el asunto para nuestra atención. El 17 de febrero de 2015, tomamos conocimiento del informe sobre incumplimiento presentado por la Directora Ejecutiva del PEJC y le concedimos a la licenciada González García un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, la licenciada González García no ha comparecido.

II.

El Canon 2 del Código de Ética Profesional, 4 LPRA IX C.2, dispone que con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Con ese fin, aprobamos el Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, el cual dispone en su Regla 6 que todos los abogados activos tienen que cumplir con al menos veinticuatro horas créditos en cursos

TS-9843; TS-14899; TS-4628; TS-11703

acreditados cada dos años. Asimismo, no más tarde de treinta días luego de finalizado ese periodo, los abogados tienen el deber de presentar un informe a la Junta del PEJC acreditando el cumplimiento con las horas crédito establecidas. Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

Cuando los abogados cumplen tardíamente con los requisitos del PEJC, deben presentar un informe con las razones que justifican el cumplimiento tardío, así como pagar una cuota de $50. Íd., Regla 30. En casos de incumplimiento, el Director del PEJC tiene el deber de citar a los abogados a una vista informal para que estos expliquen las razones para el incumplimiento. Íd., Regla 32. En caso de incomparecencia, la Junta del PEJC debe remitir el asunto ante este Tribunal. Íd.

En un sinnúmero de ocasiones hemos disciplinado profesionalmente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito requeridas de educación continua. In re Rivera Trani, 188 DPR 454 (2013). Igualmente, hemos reiterado que desatender nuestros requerimientos acarrea sanciones disciplinarias, incluyendo la suspensión inmediata de la profesión. In re Irizarry Irizarry, 190 DPR 368 (2014). Cuando un abogado no cumple con nuestras órdenes, "demuestra menosprecio hacia nuestra autoridad, infringiendo de ese modo, las disposiciones del Canon 9". Íd. De esta forma, "[s]i luego de proveerle un término al abogado para que muestre causa

TS-9843; TS-14899; TS-4628; TS-11703

por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía […]". In re Piñeiro Vega, 188 DPR 77, 90 (2013).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 LPRA Ap. XXI-B, R.9, establece que todos los abogados tienen el deber de mantener actualizados sus datos en el RUA, incluyendo la dirección seleccionada para recibir las notificaciones. El incumplimiento con lo anterior "obstaculiza sustancialmente la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria". In re Jose Luis Arroyo Acosta, Op. de 9 de abril de 2015, 2015 TSPR 50, pág. 4, 192 DPR ___ (2015).

III.

A. La licenciada López González incumplió con los requisitos del PEJC para los periodos 2007-2009 y 2009-2011. Igualmente, la letrada no compareció ante los requerimientos del PEJC ni de este Tribunal. Tampoco ha cumplido con el deber que le impone la Regla 9(j) de nuestro Reglamento, de actualizar y mantener al día su dirección postal.

B. La licenciada Marrero Clemente incumplió con los requisitos del PEJC para el periodo 2009-2011. La letrada tampoco compareció ante los requerimientos del

PEJC ni de este Tribunal. De igual forma, la letrada incumplió con el deber que le impone la Regla 9(j) de nuestro Reglamento, de actualizar y mantener al día su dirección postal.

C. El licenciado Rovira García incumplió con los requisitos del PEJC para los periodos 2007-2009 y 2009-2011. El letrado tampoco compareció ante los requerimientos del PEJC y de este Tribunal.

D. La licenciada González García incumplió con los requisitos del PEJC para el periodo 2009-2011. Igualmente, la letrada no compareció ante los requerimientos del PEJC ni de este Tribunal.

IV.

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la licenciada López González, el licenciado Rovira García y la licenciada González García del ejercicio de la abogacía. Además, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la licenciada Marrero Clemente.

Como consecuencia, se les impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de

TS-9843; TS-14899; TS-4628; TS-11703

treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la licenciada Marrero Clemente y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re | | |
| Amarilis López González | TS - 9843 | |
| Grace M. Marrero Clemente | TS - 14899 | Conducta Profesional |
| Jorge L. Rovira García | TS - 4628 | |
| Awilda González García | TS - 11703 | |

*SENTENCIA*

En San Juan, Puerto Rico a 24 de junio de 2015.

Por los fundamentos antes expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la licenciada López González, el licenciado Rovira García y la licenciada González García del ejercicio de la abogacía. Además, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la licenciada Marrero Clemente.

Como consecuencia, se les impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

TS-9843; TS-14899; TS-4628; TS-11703

notarial de la licenciada Marrero Clemente y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo