EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>José M. Pizarro Rodríguez<br>Manuel Martínez Rosario<br>José A. Figueroa Vidal<br>Salomón Chiquiar Rabinovich | 2016 TSPR 20<br><br>194 DPR ____ |
| --- | --- |

Número del Caso: TS-10504
              TS-7885
              TS-5835
              TS-10168

Fecha: 12 de enero de 2016

Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva

Materia: Conducta Profesional –

**TS-10504**
La suspensión será efectiva el **21 de enero de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata

**TS-7885**
La suspensión será efectiva el **22 de enero de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata

**TS-5835**
La suspensión será efectiva el **9 de enero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-10168**
La suspensión será efectiva el **15 de enero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| José M. Pizarro Rodríguez | TS-10504 |
| Manuel Martínez Rosario | TS-7885 |
| José A. Figueroa Vidal | TS-5835 |
| Salomón Chiquiar Rabinovich | TS-10168 |

PER CURIAM

San Juan, Puerto Rico, a 12 de enero de 2016.

Hoy nos corresponde ejercer una vez más nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de varios miembros de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a los abogados de epígrafe.

I

La Hon. Geisa M. Marrero Martínez, Directora Ejecutiva del PEJC (Directora del PEJC), compareció ante nos, por mandato de la Junta de Educación Jurídica Continua, mediante los correspondientes informes sobre

incumplimiento con los requisitos del PEJC. En éstos, nos informa que los referidos abogados han incumplido con el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E, y han desatendido sus requerimientos en varias ocasiones. En aras de atender los planteamientos de la Directora del PEJC, examinemos en detalle la conducta desplegada por los abogados de epígrafe y los trámites realizados por el PEJC y por este Tribunal en torno a ello.

### A. **Lcdo. José M. Pizarro Rodríguez**, TS-10504

El Lcdo. José M. Pizarro Rodríguez (licenciado Pizarro Rodríguez) fue admitido al ejercicio de la abogacía el 30 de junio de 1993 y prestó juramento como notario el 17 de marzo de 1995. El 7 de mayo de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, señaló que el licenciado Pizarro Rodríguez incumplió con los requisitos del Reglamento del PEJC durante los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011.[1] Indicó que el PEJC cursó al abogado varios avisos de incumplimiento y citaciones a dos vistas informales para estos periodos, pero éste no compareció. Al momento de notificar la determinación en torno a las

_____

[1]El licenciado Pizarro Rodríguez tampoco ha cumplido con los requisitos del Reglamento del PEJC durante el periodo de 2011-2013. Empero, no ha sido citado para vista informal por incumplimiento en ese periodo, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

vistas celebradas, el PEJC concedió al letrado un término de 30 días para cumplir con los requisitos para el periodo de 2007-2009 y otros 30 días para el periodo de 2009-2011.

Según se desprende del Informe, el 21 de agosto de 2014, el licenciado Pizarro Rodríguez compareció ante el PEJC mediante una comunicación suscrita por el Lcdo. Daniel Muñoz Fernós en su representación. En ésta, el abogado alegó que estaba realizando gestiones para obtener evidencia sobre los percances de salud que había sufrido durante el periodo de 2009-2011. Asimismo, incluyó un giro postal de $50 para sufragar la cuota por cumplimiento tardío en ese periodo. Éste también solicitó copia de todas las notificaciones realizadas por la Junta antes del 14 de agosto de 2014 y una prórroga de 30 días para presentar sus argumentos en justificación a su incumplimiento.

En respuesta, el 27 de agosto de 2014, el PEJC emitió una comunicación en torno al historial de cumplimiento del licenciado Pizarro Rodríguez. De igual modo, le solicitó que en el término de 30 días presentara información pertinente y necesaria para evaluar los periodos incumplidos y tomar la determinación correspondiente. Ante la incomparecencia del licenciado Pizarro Rodríguez, la Directora del PEJC presentó el referido Informe ante este Tribunal.

Así las cosas, el 11 de junio de 2015, emitimos una Resolución en la que concedimos al togado un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos reglamentarios y no comparecer ante el PEJC cuando le fue requerido. El 13 de julio de 2015, éste compareció por derecho propio solicitando un término adicional de 30 días para responder a la Resolución emitida por este Tribunal el 11 de junio de 2015. Examinada la moción solicitando un término adicional, emitimos una Resolución concediendo al abogado 20 días para cumplir con la orden de mostrar causa. No obstante, el licenciado Pizarro Rodríguez incumplió con esa orden y no compareció.

**B. Lcdo. Manuel Martínez Rosario, TS-7885**

El Lcdo. Manuel Martínez Rosario (licenciado Martínez Rosario) fue admitido al ejercicio de la abogacía el 13 de julio de 1984 y juramentó como notario el 1 de octubre de 1984. El 10 de octubre de 2014, la Directora del PEJC compareció ante este Tribunal mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, indicó que el licenciado Martínez Rosario no cumplió con los requerimientos del Reglamento del PEJC durante el periodo de 1 de agosto de 2007 a 31 de julio de 2009.[2] De igual forma, señaló que el

---

[2]El licenciado Martínez Rosario también ha incumplido con los requisitos del PEJC para los periodos de 2009-2011 y 2011-2013, pero aún no ha sido citado para una

3 de septiembre de 2009 le envió al abogado un aviso de incumplimiento, en el cual le otorgó 60 días adicionales para tomar los correspondientes cursos de Educación Jurídica Continua. Indicó que el licenciado Martínez Rosario tampoco pagó la cuota por cumplimiento tardío.

En consecuencia, el 1 de septiembre de 2011, se celebró una vista informal con relación al incumplimiento del periodo de 2007-2009, a la cual compareció. Posteriormente, se le notificó una comunicación en la que el PEJC le concedió un término de 30 días para subsanar una deficiencia respecto a los cursos de notaría y pagar la cuota por cumplimiento tardío. Además, le concedió 90 días para subsanar las deficiencias de los periodos subsiguientes. Del expediente no surge que éste haya respondido a esta comunicación.

Surge del Informe que, el 4 de agosto de 2014, se notificó la determinación de la Directora del PEJC sobre la vista celebrada y nuevamente se le concedió al abogado un término adicional para cumplir con los requisitos del PEJC, antes de referir el asunto a la Junta del PEJC.[3] En vista de su incumplimiento, se presentó la situación ante la Junta, la cual encomendó a la Directora del PEJC la presentación del correspondiente Informe ante este

---

vista informal, en conformidad con la Regla 32 del Reglamento del PEJC, *supra*.

[3] El licenciado Martínez Rosario fue notificado a la dirección de notificaciones que surge del Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA), pero el documento fue devuelto por el servicio postal.

Tribunal. Resulta pertinente resaltar que la Junta del PEJC le concedió al licenciado Martínez Rosario un término final de 10 días para cumplir con los requisitos para el periodo de 2007-2009 y presentar evidencia de ello. También le concedió 60 días para cumplir con los periodos de 2009-2011 y 2011-2013.[4]

Mediante Resolución del 31 de octubre de 2014, concedimos 20 días al licenciado Martínez Rosario para que compareciera y mostrara causa por la cual no debía ser suspendido de la práctica de la abogacía por incumplir con lo requerido en el Reglamento del PEJC y no comparecer ante el PEJC.[5] Ante la inobservancia del licenciado Martínez Rosario a lo ordenado por este Tribunal, el 27 de febrero de 2015, le concedimos un término final e improrrogable de 15 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento ante el PEJC y su incomparecencia ante este Tribunal.[6]

Ante ello, el 24 de marzo de 2015, el licenciado Martínez Rosario compareció por derecho propio y expuso, entre otras cosas, que: (1) lleva más de 30 años

---

[4]Se le advirtió al licenciado Martínez Rosario sobre su deber de actualizar las direcciones registradas en el RÚA. Esta resolución de la Junta del PEJC se notificó a la dirección personal del licenciado Martínez Rosario, según consta en el RÚA. No surge del expediente que la notificación haya sido devuelta por el servicio postal.

[5]Esta Resolución fue notificada por segunda ocasión el 18 de diciembre de 2014 a otra dirección del abogado.

[6]Esta Resolución se notificó al licenciado Martínez Rosario personalmente.

ejerciendo la abogacía; (2) participó de la preparación y sirvió como recurso en adiestramientos ofrecidos por la Corporación de Servicios Legales y de reuniones de estudio y conferencias ofrecidas por la Delegación de Abogados de Bayamón; (3) situaciones fuera de su control le impidieron cumplir con el Reglamento del PEJC y comparecer con anterioridad ante este Tribunal; (4) desde el 2011, ha sufrido una condición infecciosa en sus ojos que le ha dejado prácticamente ciego de un ojo y le ha afectado la visión en el otro; (5) en los últimos 3 años ha sufrido de numerosos abscesos que han requerido tratamientos y hospitalización; (6) varios de sus órganos internos han sufrido daño, y (7) tuvo que cerrar su oficina por la muerte de su socio y por sus problemas de salud.

No obstante, el licenciado Martínez Rosario alegó que actualmente su salud está relativamente estabilizada y que está en condición de dar cumplimiento al Reglamento del PEJC y sufragar los costos que ello conlleve. Expresó que podía cubrir todos los requisitos del PEJC en un plazo no menor de 6 meses. Luego de examinar la comparecencia del abogado en cumplimento de orden, el 19 de junio de 2015, emitimos una Resolución en la cual le concedimos 90 días para cumplir y presentar una certificación emitida por el PEJC. Cabe destacar que se le advirtió que debía mantener informado a este Tribunal sobre las gestiones realizadas para cumplir con esa

orden. El licenciado Martínez Rosario no ha comparecido ante nos.

### C. Lcdo. José A. Figueroa Vidal, TS-5835

El Lcdo. José A. Figueroa Vidal (licenciado Figueroa Vidal) fue admitido al ejercicio de la abogacía el 14 de abril de 1978.[7] El 7 de mayo de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). Indicó que el licenciado Figueroa Vidal incumplió con el Reglamento del PEJC durante los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011.[8] Explicó que se le cursó un aviso de incumplimiento otorgándole, entre otras cosas, 60 días adicionales para tomar los cursos correspondientes al periodo de 2007-2009.[9] De igual forma, se le cursó un aviso de incumplimiento para el periodo de

---

[7]El licenciado Figueroa Vidal prestó juramento como notario el 2 de abril de 1979, pero fue suspendido del ejercicio de la notaría el 23 de abril de 2010, por no tener al día su fianza notarial.

[8]El abogado tampoco ha cumplido con los requisitos del Reglamento del PEJC para el periodo de 2011-2013. No obstante, todavía no ha sido citado para vista informal, según lo establece la Regla 32 del Reglamento del PEJC, *supra*. La Directora del PEJC señaló que el aviso de incumplimiento para ese periodo de 2011-2013 no pudo ser notificado, toda vez que éste fue devuelto por el servicio postal. Cabe resaltar que el referido aviso se notificó a la dirección de notificación y a la de oficina física que surgen del RÚA.

[9]La Directora del PEJC informó que este aviso de incumplimiento no pudo notificarse, pues fue devuelto por el servicio postal. Resulta importante enfatizar que se notificó a la dirección de notificación y la de la oficina física del abogado, conforme surge del RÚA.

2009-2011. El licenciado Figueroa Vidal no prestó el pago de la cuota por cumplimiento tardío.

El 8 de junio de 2011, se llevó a cabo una vista informal respecto al periodo de 2007-2009, pero éste no compareció. El 29 de enero de 2014, se notificó la determinación de la Directora del PEJC en cuanto a esta vista y se le concedió al abogado un último término de 30 días para cumplir con los requisitos para el periodo de 2007-2009.[10] Además, se le advirtió que de continuar con su incumplimiento para el periodo de 2009-2011 podría ser citado para una vista informal. Así las cosas, el 28 de febrero de 2014, se celebró una vista informal por incumplimiento con este último periodo. El licenciado Figueroa Vidal tampoco compareció a esta vista.[11] El 22 de agosto de 2014, se notificó al abogado la determinación de la Directora del PEJC sobre esta vista y se le concedió un término de 30 días para subsanar las deficiencias de ese periodo.[12]

Ante la incomparecencia del licenciado Figueroa Vidal, la Directora del PEJC sometió el referido Informe ante nos. En vista de ello, el 11 de junio de 2015, le

---

[10]La notificación fue devuelta por el servicio postal, por lo que el 3 de febrero de 2014 se reenvió a otra dirección que también surgía del RÚA. Esta última también fue devuelta.

[11]La citación para esta vista fue notificada a la dirección que consta en el RÚA y fue devuelta.

[12]Esta notificación también fue enviada a las direcciones del licenciado Figueroa Vidal que surgen del RÚA, pero fue devuelta por el servicio postal.

concedimos 20 días al letrado para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos reglamentarios y no comparecer ante el PEJC.[13] El licenciado Figueroa Vidal incumplió con nuestra orden y no compareció.

**D.  <u>Lcdo. Salomón Chiquiar Rabinovich</u>, TS-10168**

El Lcdo. Salomón Chiquiar Rabinovich (licenciado Chiquiar Rabinovich) fue admitido al ejercicio de la abogacía el 7 de julio de 1992.[14] El 7 de mayo de 2015, la Directora del PEJC presentó ante nuestra consideración un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, indicó que el licenciado Chiquiar Rabinovich incumplió con los requisitos establecidos en el Reglamento del PEJC durante los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011.[15] De igual modo, señaló que el 13 de junio de 2009 y el 8 de septiembre de 2011 se le cursaron avisos de incumplimiento al abogado concediéndole 60 días

---

[13]La notificación de la Resolución fue devuelta, por lo que se reenvió a otra dirección del abogado que surge del RÚA.

[14]El licenciado Chiquiar Rabinovich juramentó como notario el 8 de septiembre de 1995. No obstante, mediante carta fechada de 23 de diciembre de 1998, el letrado renunció voluntariamente al ejercicio de la práctica notarial. Su renuncia fue aceptada por este Tribunal el 2 de abril de 2001.

[15]El licenciado Chiquiar Rabinovich tampoco ha cumplido con los requisitos del Reglamento del PEJC para el periodo de 2011-2013. No obstante, no ha sido citado para una vista informal conforme a lo dispuesto en la Regla 32 del Reglamento del PEJC, *supra*.

adicionales para tomar los cursos correspondientes al periodo de 2007-2009 y 2009-2011, respectivamente. La Directora del PEJC también informó que el abogado no efectuó el pago de la cuota por cumplimiento tardío.

Habida cuenta de que el licenciado Chiquiar Rabinovich incumplió con los requisitos del PEJC para el periodo de 2007-2009, se le citó para una vista informal que se celebró el 9 de junio de 2011. Éste no compareció a la vista. Así las cosas, se le notificó la determinación de la Directora del PEJC respecto a la referida vista y se le concedió un último término de 30 días para cumplir con los requisitos para ese periodo. Además, se le advirtió que de continuar su incumplimiento en cuanto al periodo de 2009-2011 podría ser citado para una vista informal. Eventualmente, en consideración a ese incumplimiento, se le citó para una vista que se celebró el 28 de febrero de 2014, pero el licenciado Chiquiar Rabinovich tampoco compareció a esta vista. Ante ello, se le notificó la determinación en torno a esta última vista y se le concedieron 30 días para subsanar las deficiencias en ese periodo.

En atención a la incomparecencia del togado, la Directora del PEJC remitió el asunto a la Junta, la cual a su vez le encomendó la presentación del correspondiente Informe ante este Tribunal. Examinado el Informe presentado ante nos, el 21 de julio de 2015, emitimos una Resolución en la que le concedimos al licenciado Chiquiar

Rabinovich un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. A pesar de ello, el licenciado Chiquiar Rabinovich incumplió con nuestra orden y no compareció.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, res. el 27 de marzo de 2015, 2015 TSPR 33, 192 DPR ___ (2015), pág. 3. En cuanto a los deberes del abogado para con la sociedad, este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5. En armonía con este deber, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*. Véase, además: *In re* Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento

del Programa de Educación Jurídica Continua, res. el 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015).

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua. *In re* López González *et al.*, *supra*, pág. 6; *In re* Arroyo Acosta, res. el 9 de abril de 2015, 2015 TSPR 50, 192 DPR ___ (2015), pág. 4; *In re* Rivera Trani, 188 DPR 454, 459-460 (2013). Ante ello, hemos manifestado reiteradamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re* Cepero Rivera *et al.*, *supra*, pág. 9.

De forma similar, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. Íd., pág. 10; *In re* Rivera Trani, *supra*, pág. 460; *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*,

pág. 6; *In re Arroyo Acosta*, *supra*, pág. 4; *In re De Jesús Román*, *supra*, pág. 4; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, *supra*, págs. 6-7; *In re Arroyo Acosta*, *supra*, pág. 4; *In re De Jesús Román*, *supra*, pág. 4; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9, exige a los abogados mantener actualizados en el RÚA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse: *In re Cepero Rivera et al.*, *supra*, pág. 10; *In re López González et al.*, *supra*, pág. 7; *In re Rivera Trani*, *supra*, pág. 460. Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. Íd. Véase también: *In re Arroyo Acosta*, *supra*, pág. 4.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por los abogados de epígrafe.

III

Mediante los informes presentados ante este Tribunal, la Directora del PEJC ha expuesto de forma detallada las gestiones realizadas por el PEJC para requerirle a cada uno de los abogados de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. No obstante, éstos han desatendido en repetidas ocasiones sus requerimientos. En vista de ello, la Directora del PEJC nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

A pesar de haber concedido a estos abogados amplia oportunidad para que comparecieran ante nos y acreditaran su cumplimiento con los requisitos del PEJC, no han cumplido con lo requerido. Recapitulemos sus incumplimientos.

**TS-10504:** El licenciado Pizarro Rodríguez incumplió con los requisitos del PEJC para los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011. Además, ha desatendido tanto los requerimientos del PEJC como los de este Tribunal. Si bien el licenciado Pizarro Rodríguez compareció ante el PEJC indicando que estaba realizando gestiones para obtener evidencia sobre percances de salud que había sufrido durante el periodo de incumplimiento de 2009-2011 y solicitó una prórroga para justificarlo, una vez el PEJC la concedió éste no compareció y continuó con el patrón de inobservancia con los requisitos del PEJC. De

la misma forma, aunque el abogado compareció ante nos solicitando un término adicional para acatar lo ordenado por este Tribunal, una vez concedido tampoco compareció.

**TS-7885:** El licenciado Martínez Rosario no cumplió con los requisitos del Reglamento del PEJC durante el periodo de 1 de agosto de 2007 a 31 de julio de 2009. A pesar de los requerimientos del PEJC y de este Tribunal, tampoco ha comparecido. Luego de que emitiéramos una segunda orden de mostrar causa por la cual no debía ser suspendido de la profesión jurídica, el letrado compareció alegando, entre otras cosas, que lleva más de 30 años ejerciendo la profesión y que sufre de ciertas condiciones de salud que le impidieron cumplir con los requisitos del PEJC y con lo ordenado por este Tribunal.

No obstante, ello no lo exime de ceñirse a las citadas disposiciones reglamentarias, ni de acatar nuestras órdenes. Máxime cuando el licenciado Martínez Rosario alegó estar en condición de cumplir con lo requerido por el PEJC, pero no compareció cuando le concedimos un término adicional para acreditar su cumplimiento y presentar una certificación del PEJC a esos efectos. Resulta importante destacar que advertimos al letrado que debía mantener informado a este Tribunal sobre las gestiones realizadas para cumplir con esa orden, pero éste no ha comparecido.

El licenciado Martínez Rosario tampoco ha cumplido con el deber que le impone la Regla 9(j) de nuestro

Reglamento de actualizar las direcciones registradas en el RÚA, particularmente la dirección que designó para recibir las notificaciones.

**TS-5835:** El licenciado Figueroa Vidal incumplió con los requisitos del PEJC durante los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011. Asimismo, a pesar de los requerimientos del PEJC y de este Tribunal, no ha comparecido. Tampoco ha cumplido con su responsabilidad de mantener actualizados sus datos en el RÚA, particularmente la dirección que designó para recibir las notificaciones.

**TS-10168:** El licenciado Chiquiar Rabinovich incumplió con los requisitos del PEJC durante los periodos de 1 de junio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011. De igual modo, no ha atendido los requerimientos del PEJC ni ha comparecido ante nos, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que los abogados de epígrafe han incumplido con los requisitos del PEJC y han asumido una actitud despreocupada en cuanto a ese asunto. De igual forma, éstos han tomado livianamente nuestros requerimientos y, al día de hoy, no han comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de estos abogados han entorpecido el trámite realizado por el PEJC. Además,

han faltado a su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. José M. Pizarro Rodríguez, Lcdo. Manuel Martínez Rosario, Lcdo. José A. Figueroa Vidal y del Lcdo. Salomón Chiquiar Rabinovich. A su vez, suspendemos inmediata e indefinidamente del ejercicio de la notaría al licenciado Pizarro Rodríguez y al licenciado Martínez Rosario. Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión oportunamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del

término de 30 días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Pizarro Rodríguez y del señor Martínez Rosario, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| José M. Pizarro Rodríguez | TS-10504 |
| Manuel Martínez Rosario | TS-7885 |
| José A. Figueroa Vidal | TS-5835 |
| Salomón Chiquiar Rabinovich | TS-10168 |

SENTENCIA

San Juan, Puerto Rico, a 12 de enero de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. José M. Pizarro Rodríguez, Lcdo. Manuel Martínez Rosario, Lcdo. José A. Figueroa Vidal y del Lcdo. Salomón Chiquiar Rabinovich. A su vez, se suspende inmediata e indefinidamente del ejercicio de la notaría al licenciado Pizarro Rodríguez y al licenciado Martínez Rosario. Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión oportunamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Pizarro Rodríguez y del señor Martínez Rosario, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres no intervino. La Juez Asociada señora Rodríguez Rodríguez no interviene.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo