EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 134 |
| Khiara L. Cortés Robles | 202 DPR _____ |

Número del Caso: TS-15,896

Fecha: 12 de junio de 2019

Programa de Educación Jurídica Continua:

José I. Campos Pérez
Director Ejecutivo

Lcda. María C. Molinelli González
Directora Ejecutiva

Abogada de la Promovida:

Por Derecho Propio

Conducta Profesional: La suspensión será efectiva el 31 de julio de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | TS-15,896 |
|---|---|
| Khiara L. Cortés Robles | |

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de junio de 2019.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida de la Lcda. Khiara L. Cortés Robles (licenciada Cortés Robles) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con los de este Tribunal.

I

La Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, comparece ante nos por medio de una *Certificación* en la que nos informa sobre el incumplimiento de la licenciada Cortés Robles con los requisitos del PEJC y sobre la reiterada desatención de la letrada con los requerimientos que le fueron cursados.

La licenciada Cortés Robles fue admitida al ejercicio de la abogacía el 29 de agosto de 2006 y a la notaría el 21 de marzo de 2007.

El 6 de junio de 2017, el entonces Director del PEJC, Lcdo. José Ignacio Campos Pérez (licenciado Campos Pérez), compareció ante nos mediante un Informe en el que expuso que la licenciada Cortés Robles incumplió con los requisitos del PEJC durante el periodo del 1 de diciembre de 2010 al 30 de noviembre de 2012. Adujo que, el 24 de enero de 2013, le envió a la letrada el Aviso de Incumplimiento para el periodo antes mencionado. En dicho Aviso de Incumplimiento se le concedió término a la licenciada Cortés Robles para tomar los cursos correspondientes y para satisfacer la multa por cumplimiento tardío para el periodo señalado, conforme a la Regla 30(E) del Reglamento del Programa de Educación Jurídica, 4 LPRA Ap. XVII-F, según enmendado. Sin embargo, la licenciada Cortés Robles no tomó los cursos de educación jurídica necesarios ni satisfizo la multa por cumplimiento tardío.

Así las cosas, el 17 de octubre de 2014, el PEJC le remitió una citación para una Vista Informal señalada para el 18 de noviembre de 2014, a la cual la licenciada Cortés Robles compareció. Esta expresó que se encontraba atravesando serias dificultades económicas, debido a que había perdido su empleo hace cuatro (4) años, por lo que no estaba generando ingresos. No obstante, se comprometió a realizar un esfuerzo para tomar los cursos necesarios, con el fin de satisfacer los créditos del periodo señalado.

Más adelante, el 22 de agosto de 2016, la licenciada Cortés Robles fue notificada del Informe del Oficial

Examinador y la determinación del entonces Director del PEJC, licenciado Campos Pérez, respecto a la Vista Informal celebrada. Este último expresó que, a pesar de que la licenciada Cortés Robles suscribió una prórroga en la que se comprometió a cumplir con los requisitos del periodo del 1 de diciembre de 2010 al 30 de noviembre de 2012, a esa fecha, no había cumplido con el periodo en cuestión ni pagado la multa por cumplimiento tardío. De esta forma, recomendó a la Junta de Educación Jurídica Continua rendir un Informe ante esta Curia sobre el incumplimiento de la licenciada Cortés Robles, recomendación que fue acogida en reunión celebrada el 19 de abril de 2017.

Así las cosas, el PEJC nos remitió el Informe. Por medio de este, nos señala que la licenciada Cortés Robles no ha pagado la multa por cumplimiento tardío ni ha cumplido con los créditos para el período de 1 de diciembre de 2010 al 30 de noviembre de 2012. Además, nos indica que la licenciada Cortés Robles tampoco ha cumplido con los requisitos del PEJC correspondientes al periodo posterior, para el cual se le notificó el Aviso de Incumplimiento correspondiente. Finalmente, expresó que la licenciada Cortés Robles no ha sido citada a una Vista Informal para el último periodo señalado.

El 7 de diciembre de 2017, emitimos una Resolución en la que le concedimos a la licenciada Cortés Robles un término de veinte (20) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendida del ejercicio de

la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido.

Así las cosas, el 29 de diciembre de 2017, la licenciada Cortés Robles compareció por escrito. Expresó que no había recibido ninguna comunicación reciente por parte del PEJC y que la única vez que fue citada para comparecer ante dicho organismo, así lo hizo. Indicó que, en esa ocasión, habló sobre los problemas económicos que estaba atravesando, que llevaba varios años sin trabajar como abogada, y que se encontraba desempleada. Expuso que, para ese entonces, se encontraba dirimiendo la posibilidad de iniciar un proceso de quiebra, por lo que su situación no le permitía costear cursos de educación continua, cuando existían unas necesidades básicas que debía cubrir. Asimismo, manifestó que dicha situación afectó su salud y estabilidad emocional, al punto de requerirle intervención profesional y que, a pesar de que pudo evitar el proceso de quiebra, continuaba en una situación de estrechez económica, pues seguía desempleada. La licenciada Cortés Robles advirtió que, en octubre de 2017, se matriculó en un curso de educación jurídica continua, pero el mismo fue cancelado debido al paso de los Huracanes Irma y María. Finalmente, solicitó a este Tribunal que le concediera un término razonable para cumplir con los créditos del PEJC y se comprometió a poner todo su esfuerzo para cumplir a cabalidad con los requisitos que impone la profesión.

Tras examinar la moción presentada por la licenciada Cortés Robles, el 26 de enero de 2018, emitimos una Resolución en la que le concedimos un término adicional de sesenta (60) días para cumplir con los requerimientos del PEJC y presentar la certificación de cumplimiento emitida por el Programa.

Pasado el término concedido sin que la licenciada Cortés Robles diera cumplimiento a nuestra Resolución del 26 de enero de 2018, el 8 de mayo de 2018, emitimos una Resolución en la que le concedimos un término adicional de veinte (20) días para cumplir con dicha orden. Los días 9 y 16 de mayo de 2018, se diligenció personalmente la entrega de una Hoja de Aviso que ordenaba a la licenciada Cortés Robles que se comunicara con este Foro.

El 14 de junio de 2018, la licenciada Cortés Robles compareció por escrito ante nos, y expresó que, aunque agradecía el término que le concedimos, le resultaba irreal cumplir con todos los requisitos dentro de ese periodo. Señaló que su situación económica persistía, por lo que se le hacía imposible cumplir con los requisitos del PEJC en el tiempo provisto. De esta forma, solicitó que le concediéramos un término razonable para cumplir con los requerimientos del PEJC dentro de las circunstancias económicas que atravesaba. En la alternativa, solicitó que le concediéramos tiempo de manera que pudiera cumplir con los requisitos para solicitar el cambio de estatus a abogada inactiva.

Luego de evaluar la Moción presentada por la licenciada Cortés Robles, el 26 de octubre de 2018, concedimos un término de ciento ochenta (180) días para cumplir con los requerimientos del PEJC y presentar certificación de cumplimiento o para solicitar cambio de estatus a Abogada Inactiva en el Registro Único de Abogados y Abogadas (RUA) de Puerto Rico.

Así las cosas, el 2 de mayo de 2019, la Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, compareció ante nos mediante una *Certificación* de la cual se desprende que la licenciada Cortés Robles continúa incumpliendo con los requerimientos del PEJC.

II

Con el fin de viabilizar el objetivo de representación legal adecuada para toda persona, el Canon 2 del Código de Ética Profesional, requiere que el abogado mantenga un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional. 4 LPRA Ap. IX, C. 2. Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, supra. *In re Landrón Hernández*, 2019 TSPR 41; *In re Cepero Rivera et al.*, 2015 TSPR 119.

En repetidas ocasiones hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa

y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Landrón Hernández, supra*; *In re López Santos*, 2016 TSPR 37; *In re Cepero Rivera et al.*, supra. Por esa razón, este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re García Salgado*, supra; *In re Rivera Trani*, 188 DPR 454 (2013).

Por último, hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal infringe el Canon 9. *In re López González, et al.*, 2015 TSPR 107; *In re De Jesús Román,* 192 DPR 799 (2015). Además, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión de todo abogado que no atienda nuestros requerimientos y nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.*, supra.

III

Por medio de su Informe, el PEJC detalló los esfuerzos que realizó para requerirle a la licenciada Cortés Robles el cumplimiento con sus requisitos. No obstante, dichos esfuerzos resultaron infructuosos, por lo que ha tenido que solicitar nuestra intervención.

Surge del expediente que, a pesar de que le hemos concedido varias oportunidades a la letrada para que cumpla con los requerimientos del PEJC y de este Tribunal, esta no ha cumplido con los mismos ni ha solicitado el cambio de estatus a abogada inactiva en el Registro Único de Abogados y Abogadas de Puerto Rico.

Por ello, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Khiara L. Cortés Robles. Por consiguiente, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otro lado, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por

la licenciada Cortés Robles durante el periodo en que la misma estuvo vigente.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial de la letrada y entregarlos al director de la ODIN. Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | TS-15,896 |
|--------|--|-----------|
| Khiara L. Cortés Robles | | |

SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2019.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Khiara L. Cortés Robles. Por consiguiente, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otro lado, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por la licenciada Cortés Robles durante el periodo en que la misma estuvo vigente.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial de la letrada y entregarlos al director de la ODIN.

Notifíquese personalmente.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina