EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Gloria López Santos<br>Evelyn Cruz Gómez<br>Sonia Balzac Caballo<br>Leocadio Castillo Méndez | 2016 TSPR 37<br><br>194 DPR ____ |

Número del Caso:          TS-3513
                          TS-5287
                          TS-6812
                          TS-7516


Fecha: 7 de marzo de 2016


Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva


Materia: Conducta Profesional –

**TS-3513**
La suspensión será efectiva el **8 de marzo de 2016,** fecha en que se le notificó por correo a la abogada de su suspensión inmediata

**TS-5287**
La suspensión será efectiva el **8 de marzo de 2016,** fecha en que se le notificó a la abogada de su suspensión inmediata

**TS-6812**
La suspensión será efectiva el **9 de marzo de 2016,** fecha en que se le notificó a la abogada de su suspensión inmediata

**TS-7516**
**Con posterioridad a emitir y notificar la opinión y sentencia, el Tribunal advino en conocimiento de que el Lcdo. Leocadio Castillo Méndez había fallecido.**


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Gloria López Santos | TS-3513 |
| Evelyn Cruz Gómez | TS-5287 |
| Sonia Balzac Carballo | TS-6812 |
| Leocadio Castillo Méndez | TS-7516 |

PER CURIAM

San Juan, Puerto Rico, a 7 de marzo de 2016.

Nos corresponde ejercer una vez más nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de varios miembros de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a los abogados de epígrafe.

I

La Hon. Geisa M. Marrero Martínez, Directora Ejecutiva del PEJC (Directora del PEJC), compareció ante nos, por mandato de la Junta de Educación Jurídica Continua (Junta), mediante los correspondientes informes

sobre incumplimiento con los requisitos del PEJC. En éstos, nos informa que los referidos abogados han incumplido con el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E, y han desatendido sus requerimientos en varias ocasiones. En aras de atender los planteamientos de la Directora del PEJC, examinemos en detalle la conducta desplegada por los abogados de epígrafe y los trámites realizados por el PEJC y por este Tribunal en torno a ello.

### A. Lcda. Gloria López Santos, TS-3513

La Lcda. Gloria López Santos (licenciada López Santos) fue admitida al ejercicio de la abogacía el 9 de abril de 1970. El 1 de octubre de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, señaló que la licenciada López Santos incumplió con los requisitos del Reglamento del PEJC durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009.[1] Indicó que el PEJC cursó a la abogada un aviso de incumplimiento y una citación a una vista informal para este periodo, pero ésta no compareció. Al momento de notificar la determinación en torno a la vista celebrada, el PEJC concedió a la abogada

---

[1] La licenciada López Santos tampoco ha cumplido con los requisitos del Reglamento del PEJC durante los periodos de 2009-2011 y 2011-2013. Empero, no ha sido citada para vista informal por incumplimiento en esos periodos, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

un término de 30 días para cumplir con los requisitos para el periodo de 2007-2009 y pagar la cuota por cumplimiento tardío.

Ante el incumplimiento de la licenciada López Santos, la Directora del PEJC presentó la situación ante la Junta, la cual le encomendó la presentación del correspondiente Informe ante este Tribunal. Atendido el Informe, el 30 de octubre de 2015, emitimos una Resolución en la que concedimos a la abogada un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por no cumplir con los requisitos reglamentarios y no comparecer ante el PEJC cuando le fue requerido.[2] No obstante, la licenciada López Santos incumplió con esa orden y no compareció.

### B. Lcda. Evelyn Cruz Gómez, TS-5287

La Lcda. Evelyn Cruz Gómez (licenciada Cruz Gómez) fue admitida al ejercicio de la abogacía el 29 de diciembre de 1976 y juramentó como notario el 16 de mayo de 1983. El 1 de octubre de 2015, la Directora del PEJC compareció ante este Tribunal mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, indicó que la licenciada Cruz Gómez no cumplió con los requisitos del Reglamento del PEJC durante el periodo de 1 de septiembre de 2007 a

---

[2] Esta Resolución se le notificó a la licenciada López Santos el 4 de noviembre de 2015.

31 de agosto de 2009.[3] De igual forma, señaló que se le cursó un aviso de incumplimiento a la abogada, en el cual se le otorgaron 60 días adicionales para tomar los correspondientes cursos de educación jurídica continua. Indicó que la licenciada Cruz Gómez no cumplió y tampoco pagó la cuota por cumplimiento tardío.

En consecuencia, se le envió una citación a la abogada para una vista informal con relación al incumplimiento del periodo de 2007-2009.[4] Ésta no compareció a la referida vista. Posteriormente, se le notificó la determinación de la Directora del PEJC sobre la vista celebrada y se le concedió un término de 30 días para subsanar las deficiencias para el periodo de 2007-2009 y pagar la cuota por cumplimiento tardío.

En vista de su incumplimiento, se presentó la situación ante la Junta, la cual encomendó a la Directora del PEJC la presentación del correspondiente Informe ante este Tribunal. Mediante Resolución fechada de 13 de octubre de 2015, le concedimos 20 días a la licenciada

---

[3]La licenciada Cruz Gómez también ha incumplido con los requisitos del PEJC para los periodos de 2009-2011 y 2011-2013, pero aún no ha sido citada para una vista informal, en conformidad con la Regla 32 del Reglamento del PEJC, *supra*.

[4]Resulta importante destacar que esta citación se notificó a la dirección que la abogada informó en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA) para recibir notificaciones. No obstante, la citación fue devuelta por el servicio postal. Además, del sobre enviado surge una nota que lee: "Devolver no trabaja en el DTRH". Por tanto, la citación se reenvió a otra dirección que surge del RÚA. No se desprende del expediente que ésta haya sido devuelta.

Cruz Gómez para que compareciera y mostrara causa por la cual no debía ser suspendida de la práctica de la abogacía por incumplir con lo requerido en el Reglamento del PEJC y no comparecer ante el PEJC.[5] La licenciada Cruz Gómez incumplió con esa orden y no ha comparecido ante nos.

### C. __Lcda. Sonia Balzac Carballo__, TS-6812

La Lcda. Sonia Balzac Carballo (licenciada Balzac Carballo) fue admitida al ejercicio de la abogacía el 18 de noviembre de 1980 y prestó juramento como notario el 3 de junio de 1982. El 29 de abril de 2014, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). Indicó que la licenciada Balzac Carballo incumplió con el Reglamento del PEJC durante el periodo de 1 de julio de 2007 a 30 de junio de 2009.[6] Explicó que se le cursó un aviso de incumplimiento a la abogada otorgándole, entre otras cosas, 60 días adicionales para tomar los cursos correspondientes al periodo de 2007-2009 y pagar la cuota de cumplimiento tardío. La licenciada Balzac Carballo incumplió y no prestó el pago de la referida cuota.

---

[5]Esta Resolución se le notificó a la licenciada Cruz Gómez el 19 de octubre de 2015.

[6]La abogada tampoco ha cumplido con los requisitos del Reglamento del PEJC para los periodos de 2009-2011 y 2011-2013. No obstante, todavía no ha sido citada para una vista informal, según lo establece la Regla 32 del Reglamento del PEJC, *supra*.

El 14 de julio de 2011, se le cursó una citación a la abogada para una vista informal respecto al periodo de 2007-2009. Ésta compareció por escrito informando que es paciente de esclerosis múltiple desde hace 25 años y que por razón de su condición de salud no había podido tomar los cursos de educación jurídica continua.[7] No obstante, el Oficial Examinador que presidió la vista informal recomendó que se refiriera el asunto ante este Tribunal. Ello, toda vez que consideró que la prueba presentada por la licenciada Balzac Carballo no justificaba su incumplimiento con los requisitos del PEJC para el periodo de 2007-2009. Ante ello, el PEJC le notificó una comunicación escrita a la abogada en la que le concedió un término de 20 días para presentar información más detallada sobre su práctica profesional y su condición de salud, si interesaba que el PEJC tomara en consideración ese planteamiento. No surge del expediente que la licenciada Balzac Carballo haya respondido a esta comunicación.

El 13 de febrero de 2014, se le notificó a la abogada la determinación de la Directora del PEJC en cuanto a la vista celebrada. En ésta, se le concedió un término de 20 días para subsanar las deficiencias para el periodo de 2007-2009 o presentar información adicional para justificar su incumplimiento.

---

[7]Cabe señalar que la abogada acompañó esta comunicación con una copia de la lectura de un examen de resonancia magnética (MRI) fechada de 29 de abril de 2008.

Ante la incomparecencia de la licenciada Balzac Carballo, la Directora del PEJC sometió el referido Informe ante nos. En vista de ello, el 13 de mayo de 2014, le concedimos 20 días a la abogada para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos reglamentarios y no comparecer ante el PEJC. En respuesta, la licenciada Balzac Carballo presentó una moción en la que nos solicitó que le concediéramos 20 días para culminar las gestiones y obtener representación legal para atender el asunto, toda vez que no había podido responder con anterioridad por su condición de esclerosis múltiple. Atendida la moción presentada, le concedimos a la abogada el término solicitado para que cumpliera con la Resolución emitida el 13 de mayo de 2014.

Posteriormente, la licenciada Balzac Carballo compareció nuevamente ante nos indicando que no ha podido restituirse de su estado de salud y solicitó un término adicional de 60 días para estar en posición de atender la cuestión ante nuestra consideración. Mediante Resolución fechada de 8 de septiembre de 2014, le concedimos a la abogada el término adicional solicitado. Ante la incomparecencia de ésta, le concedimos 20 días adicionales para que mostrara causa por la cual no debía ser suspendida de la profesión. La licenciada Balzac Carballo compareció ante este Tribunal reiterando que no

ha podido cumplir con los requisitos del PEJC por razón de su estado de salud y acompañó una certificación del médico que atiende su condición para que tomáramos conocimiento de los tratamientos que está recibiendo y de cómo su condición ha afectado su cumplimiento con los cursos de educación jurídica continua.

En consecuencia, el 19 de junio de 2015, le concedimos un término final de 60 días para ponerse al día con los cursos o solicitara cambio de status a abogada inactiva. Asimismo, se le apercibió que su incumplimiento con el término concedido podría conllevar la suspensión del ejercicio de la profesión jurídica.[8] La licenciada Balzac Carballo incumplió con esa orden y no ha comparecido ante nos.

### D. **Lcdo. Leocadio Castillo Méndez**, **TS-7516**

El Lcdo. Leocadio Castillo Méndez (licenciado Castillo Méndez) fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982.[9] El 1 de octubre de 2015, la Directora del PEJC presentó ante nuestra consideración un

---

[8]Esta Resolución se le notificó personalmente a la licenciada Balzac Carballo el 29 de junio de 2015.

[9]El licenciado Castillo Méndez juramentó como notario el 24 de diciembre de 1982. Mediante carta fechada de 20 de septiembre de 1986, el abogado renunció voluntariamente al ejercicio de la práctica notarial por haber recibido un nombramiento judicial. Su renuncia fue aceptada por este Tribunal el 18 de diciembre de 1986. Posteriormente, éste solicitó readmisión al ejercicio de la notaría, la cual fue otorgada por este Tribunal el 17 de febrero de 2006. No obstante, el 17 de noviembre de 2009, el licenciado Castillo Méndez nuevamente renunció de forma voluntaria a la práctica notarial, esta vez por razones de salud. Su renuncia fue aceptada por este Tribunal el 29 de diciembre de 2009.

*Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, indicó que el licenciado Castillo Méndez incumplió con los requisitos establecidos en el Reglamento del PEJC durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009.[10] De igual modo, señaló que se le envió un aviso de incumplimiento al abogado concediéndole 60 días adicionales para tomar los cursos correspondientes al periodo de 2007-2009 y pagar la cuota por cumplimiento tardío. Éste incumplió y no efectuó el pago de la cuota.

Habida cuenta de que el licenciado Castillo Méndez incumplió con los requisitos del PEJC para el periodo de 2007-2009, se le citó para una vista informal. Éste no compareció a la vista. Así las cosas, se le notificó la determinación de la Directora del PEJC en torno a la referida vista y se le concedió un término de 30 días para cumplir con los requisitos para ese periodo y pagar la cuota por cumplimiento tardío.

En atención a la incomparecencia del licenciado Castillo Méndez, la Directora del PEJC remitió el asunto a la Junta, la cual a su vez le encomendó la presentación del correspondiente Informe ante este Tribunal. Examinado el Informe presentado ante nos, el 13 de octubre de 2015, emitimos una Resolución en la que le concedimos al

---

[10] El licenciado Castillo Méndez tampoco ha cumplido con los requisitos del Reglamento del PEJC para los periodos de 2009-2011 y 2011-2013. No obstante, no ha sido citado para una vista informal conforme a lo dispuesto en la Regla 32 del Reglamento del PEJC, *supra*.

abogado un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía.[11] A pesar de ello, el licenciado Castillo Méndez incumplió con nuestra orden y no compareció.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015). En cuanto a los deberes del abogado para con la sociedad, este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5. En armonía con este deber, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*. Véase, además: *In re* Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de

_____

[11]Esta Resolución se le notificó al abogado el 19 de octubre de 2015.

*Educación Jurídica Continua*, res. el 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015).

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua. *In re López González et al.*, *supra*, pág. 6; *In re Arroyo Acosta*, 192 DPR 848, 852 (2015); *In re Rivera Trani*, 188 DPR 454, 459-460 (2013). Ante ello, hemos manifestado reiteradamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cepero Rivera et al.*, *supra*, pág. 9.

De forma similar, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *Íd.*, pág. 10; *In re Rivera Trani*, *supra*, pág. 460; *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Cepero Rivera et al.*, *supra*, pág. 10; *In re López González et al.*, *supra*, pág. 6; *In re Arroyo Acosta*, *supra*, pág. 852; *In re De*

Jesús Román, *supra*, págs. 802-803; In re Rivera Trani, *supra*, pág. 461; In re Guzmán Rodríguez, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: In re López González *et al.*, *supra*, págs. 6-7; In re Arroyo Acosta, *supra*, pág. 852; In re De Jesús Román, *supra*, pág. 4; In re Rivera Trani, *supra*, pág. 461; In re Guzmán Rodríguez, *supra*, pág. 829.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9, exige a los abogados mantener actualizados en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA) sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse: In re Cepero Rivera *et al.*, *supra*, pág. 10; In re López González *et al.*, *supra*, pág. 7; In re Rivera Trani, *supra*, pág. 460. Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. Íd. Véase también: In re Arroyo Acosta, *supra*, pág. 852.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por los abogados de epígrafe.

III

Mediante los informes presentados ante este Tribunal, la Directora del PEJC ha expuesto de forma detallada las gestiones realizadas para requerirle a cada uno de los abogados de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. No obstante, éstos han desatendido en repetidas ocasiones sus requerimientos. En vista de ello, la Directora del PEJC nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

A pesar de haber concedido a estos abogados amplia oportunidad para que comparecieran ante nos y acreditaran su cumplimiento con los requisitos del PEJC, no han cumplido con lo requerido. Recapitulemos sus incumplimientos.

**TS-3513**: La licenciada López Santos incumplió con los requisitos del PEJC para el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009. Además, ha desatendido tanto los requerimientos del PEJC como los de este Tribunal.

**TS-5287**: La licenciada Cruz Gómez no cumplió con los requisitos del Reglamento del PEJC durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009. A pesar de los requerimientos del PEJC y de este Tribunal, ésta no ha comparecido. La abogada tampoco ha cumplido con el deber que le impone la Regla 9(j) de nuestro Reglamento

de actualizar la dirección registrada en el RÚA para recibir notificaciones.

**TS-6812:** La licenciada Balzac Carballo incumplió con los requisitos del PEJC durante el periodo de 1 de julio de 2007 a 30 de junio de 2009. Además, ha desatendido tanto los requerimientos del PEJC como los de este Tribunal. Si bien la licenciada Balzac Carballo compareció ante el PEJC indicando que era paciente de esclerosis múltiple desde hace 25 años y que esa condición le imposibilitó tomar los cursos de educación continua requeridos, ésta no presentó la información adicional que el PEJC le solicitó para tomar una determinación en torno a ese asunto. De la misma forma, aunque la abogada compareció ante nos solicitando varias prórrogas para acatar lo ordenado por este Tribunal, una vez le concedimos lo solicitado e impusimos un término final para que cumpliera con los requisitos del PEJC o para cambiar su status a abogada inactiva ésta no compareció.

**TS-7516:** El licenciado Castillo Méndez incumplió con los requisitos del PEJC durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009. Asimismo, no ha atendido los requerimientos del PEJC ni ha comparecido ante nos, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que los abogados de epígrafe han incumplido con los requisitos del PEJC y han asumido una actitud despreocupada en cuanto a ese asunto.

De igual forma, éstos han tomado livianamente nuestros requerimientos y, al día de hoy, no han comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de estos abogados han entorpecido el trámite realizado por el PEJC. Además, han faltado a su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Gloria López Santos, Lcda. Evelyn Cruz Gómez, Lcda. Sonia Balzac Carballo y del Lcdo. Leocadio Castillo Méndez. Además, suspendemos inmediata e indefinidamente del ejercicio de la notaría a la licenciada Cruz Gómez y a la licenciada Balzac Carballo. Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se

les impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Cruz Gómez y de la señora Balzac Carballo, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Gloria López Santos | TS-3513 |
| Evelyn Cruz Gómez | TS-5287 |
| Sonia Balzac Carballo | TS-6812 |
| Leocadio Castillo Méndez | TS-7516 |

SENTENCIA

San Juan, Puerto Rico, a 7 de marzo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Gloria López Santos, Lcda. Evelyn Cruz Gómez, Lcda. Sonia Balzac Carballo y del Lcdo. Leocadio Castillo Méndez. Además, se suspende inmediata e indefinidamente del ejercicio de la notaría a la licenciada Cruz Gómez y a la licenciada Balzac Carballo. Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Cruz Gómez y de la señora Balzac Carballo, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo