EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Maressa Abadía Muñoz <br> Salvador Ribas Dominicci <br> Norman Velázquez Torres <br> Reinaldo Ramos Valentín | 2017 TSPR 1 <br><br> 197 DPR \_\_\_\_ |

Número del Caso: TS-10,325
              TS-7,552
              TS-12,353
              Ts-4,658

Fecha: 12 de diciembre de 2016

Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva

        Hon. José Ignacio Campos Pérez
        Director Ejecutivo

 Abogados de las partes peticionarias

        Por Derecho Propio


Materia: Conducta Profesional –

**TS-10,325**
La suspensión será efectiva el **14 de diciembre de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-7,552**
La suspensión será efectiva el **21 de diciembre de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-12,353**
La suspensión será efectiva el **19 de diciembre de 2016,** fecha en que se le notificó de su suspensión inmediata.

**TS-4,658**
La suspensión será efectiva el **15 de diciembre de 2016,** fecha en que se le notificó de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Maressa Abadía Muñoz | TS-10,325 |
| Salvador Ribas Dominicci | TS-7,552 |
| Norman Velázquez Torres | TS-12,353 |
| Reinaldo Ramos Valentín | TS-4,658 |

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de diciembre de 2016.

Una vez más, nos vemos obligados a ordenar la suspensión indefinida de varios miembros de la profesión legal por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y por hacer caso omiso a los requerimientos del PEJC y de este Tribunal.

I.

A. TS-10,325

La Lcda. Maressa Abadía Muñoz fue admitida al ejercicio de la abogacía el 19 de enero de 1993.[1] El 21 de junio de 2016, el Director del PEJC, Lcdo. José I. Campos

---

[1] Según surge del expediente, la Lcda. Maressa Abadía Muñoz prestó juramento como notaria el 6 de mayo de 1993, pero renunció al notariado mediante carta de 1 de diciembre de 2004 por motivo de su traslado a los Estados Unidos. La renuncia fue autorizada a través de nuestra Resolución de 27 de enero de 2005, una vez tomamos conocimiento de que su obra notarial fue examinada, aprobada y entregada al Archivo General de Protocolos del Distrito Notarial de San Juan.

Pérez, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* ante este Tribunal. Informó que la licenciada Abadía Muñoz incumplió con los requisitos del PEJC durante el periodo que comprende desde el 1 de octubre de 2007 hasta el 30 de septiembre de 2009. Explicó que, el 18 de noviembre de 2009, le envió un *Aviso de Incumplimiento* otorgándole, entre otras alternativas, un término adicional de sesenta (60) días para tomar los cursos requeridos y pagar la multa por cumplimiento tardío. La licenciada Abadía Muñoz no tomó los cursos adeudados, ni pagó la cuota requerida.

En consecuencia, el 4 de enero de 2012, el PEJC citó a la licenciada a una vista informal con el propósito de atender su incumplimiento con los requisitos del Programa. La licenciada Abadía Muñoz no compareció a la vista, por lo que, el 23 de febrero de 2015, se le notificó la determinación de la entonces Directora Ejecutiva, Hon. Geisa M. Marrero Martínez, mediante la cual se le concedió un término adicional de treinta (30) días para cumplir con los créditos requeridos.

Ante la actitud pasiva de la licenciada, el PEJC refirió el asunto a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final para subsanar la deficiencia.[2]

---

[2] En su informe, el Lcdo. José I. Campos Pérez, Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), nos indica que la licenciada Abadía Muñoz tampoco ha cumplido con el periodo que comprende del 1 de octubre de 2011 al 30 de septiembre de 2013, para el cual se le notificó un *Aviso de Incumplimiento* el 22 de noviembre de 2013. Cabe mencionar que la licenciada Abadía Muñoz fue certificada

El 21 de julio de 2016, este Tribunal emitió una Resolución concediéndole un término de veinte (20) días a la licenciada Abadía Muñoz para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. La Resolución se notificó a la única dirección que surgía del Registro Único de Abogados (RUA) y la misma fue devuelta por el correo. Al presente, la licenciada Abadía Muñoz no ha comparecido.

## B. TS-7,552

El Lcdo. Salvador Ribas Dominicci fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982 y prestó juramento como notario el 2 de febrero de 1983.[3] El 12 de diciembre de 2012, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* ante este Tribunal. Señaló que, el 25 de febrero de 2009, le envió al licenciado Ribas Dominicci un *Aviso de Incumplimiento* porque no cumplió con los requisitos del Programa durante el periodo que comprende desde el 1 de febrero de 2007 hasta el 31 de enero de 2009. Explicó que, a pesar de que se le otorgó un término adicional de

---

como colegiada inactiva por el Colegio de Abogados y Abogadas de Puerto Rico, por lo que fue exonerada de cumplir con los requisitos del PEJC desde el 17 de febrero de 2010 hasta el 1 de enero de 2011.

[3] Según surge del expediente, el 31 de agosto de 1992, el Lcdo. Salvador Ribas Dominicci fue suspendido del ejercicio de la abogacía y de la notaría mediante Opinión *Per Curiam.* Véase In re Ribas Dominicci, 131 DPR 491 (1992). El 18 de septiembre de 1992, el licenciado Ribas Dominicci fue reinstalado al ejercicio de la abogacía, mas no así al ejercicio de la notaría.

sesenta (60) días para tomar los cursos adeudados, el licenciado Ribas Dominicci no tomó los cursos requeridos, ni pagó la cuota por cumplimiento tardío.

Por consiguiente, el 22 de noviembre de 2010, el PEJC citó al licenciado a una vista informal a celebrarse el 13 de diciembre de 2010. El licenciado Ribas Dominicci no compareció a la vista, pero posteriormente se comunicó con el PEJC e informó que no pudo asistir por razones de salud. Sin embargo, no proveyó información que justificara su incumplimiento con los requisitos del Programa.

El 1 de junio de 2012, el PEJC cursó una comunicación al licenciado concediéndole un término adicional de treinta (30) días para que informara sobre su cumplimiento con los créditos requeridos. El 9 de agosto de 2012, el PEJC recibió una comunicación del licenciado informando que había estado recibiendo tratamiento médico y que estaría convaleciendo durante los próximos meses, por lo que sometería un plan de cumplimiento luego de culminar su tratamiento.

En atención a lo expuesto por el licenciado, el 21 de agosto de 2012, el PEJC le envió una comunicación solicitándole que informara: (1) si actualmente ejercía la profesión; (2) si tenía la intención de cambiar su estatus a abogado inactivo; y (3) si su condición le impidió cumplir con los requisitos del Programa. El licenciado Ribas Dominicci no contestó la comunicación cursada.

En consecuencia, el 24 de octubre de 2012, la Junta de Educación Jurídica Continua emitió una Resolución concediéndole al licenciado un término final de diez (10) días para que presentase la información solicitada. El 30 de noviembre de 2012, el licenciado Ribas Dominicci presentó un *Escrito en Cumplimiento de Resolución* en el cual explicó la situación médica que estaba atravesando y las gestiones que estaría realizando para subsanar su incumplimiento con los requisitos del Programa; sin embargo, no presentó evidencia que corroborara sus planteamientos. En vista de la actitud pasiva del licenciado, el asunto fue referido a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final para subsanar su incumplimiento.[4]

El 26 de diciembre de 2012, este Tribunal emitió una Resolución concediéndole un término de veinte (20) días al licenciado para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua.

El 16 de enero de 2013, el licenciado presentó un *Escrito en Relación con Informe de Educación Jurídica Continua de Fecha 12 de diciembre de 2012.* En síntesis, expresó que, el 5 de noviembre de 2012, se comunicó con el PEJC y le indicó que estaba recibiendo atención médica y

---

[4] Según surge del informe, el licenciado Ribas Dominicci tampoco ha cumplido con los requisitos del Programa para el periodo que comprende desde el 1 de febrero de 2009 hasta el 31 de enero de 2011.

que podría explicar con mayor detalle los pormenores de su situación en enero de 2013. Añadió que estuvo recibiendo tratamiento médico fuera de la jurisdicción desde el 13 de noviembre hasta el 9 de diciembre de 2012 y expresó que próximamente se matricularía en varios seminarios que ofrecerían en el área de Mayagüez.

El 4 de marzo de 2013, este Tribunal emitió una Resolución concediéndole al licenciado un término de sesenta (60) días para presentar una certificación de cumplimiento emitida por el PEJC.

El 5 de marzo de 2013, el licenciado presentó una *Moción Informativa* indicando que se matriculó en varios seminarios que se ofrecerían en la "Convención de Abogados del Oeste", la cual se celebraría desde el 14 al 16 de marzo de 2013. Sin embargo, el 31 de marzo de 2013, el licenciado compareció mediante una *Moción Informativa Urgente* y explicó que se vio obligado a incumplir con el plan anunciado porque sufrió un accidente en su hogar que ocasionó su hospitalización desde el 9 hasta el 15 de marzo de 2013.

El 22 de noviembre de 2013, este Tribunal emitió una Resolución concediéndole un término final de veinte (20) días para que presentase una certificación de cumplimiento emitida por el PEJC y apercibiéndole que su incumplimiento conllevaría sanciones, incluyendo la suspensión del ejercicio de la abogacía.

El 13 de diciembre de 2013, el licenciado presentó una *Moción Informativa* indicando que estaría recibiendo tratamiento fuera de la jurisdicción hasta el 6 de enero de 2014, por lo que atendería lo ordenado por este Tribunal durante la segunda semana de enero. Sin embargo, el 14 de enero de 2014, el licenciado solicitó una prórroga adicional para cumplir con lo requerido toda vez que aún se encontraba fuera de Puerto Rico.

El 28 de febrero de 2014, este Tribunal emitió una Resolución concediéndole un término perentorio de diez (10) días para cumplir con lo ordenado y apercibiéndole que su incumplimiento podría acarrear sanciones severas, incluyendo su separación del ejercicio de la abogacía. Así las cosas, el 17 de marzo de 2014, el licenciado presentó una *Moción en Cumplimiento de Resolución* en la cual expresó que se matriculó en todos los seminarios que ofrecerían en la "Octava Mini Convención de la Delegación de Mayagüez".

El 12 de diciembre de 2014, este Tribunal emitió una Resolución concediéndole un término de treinta (30) días para que presentase una certificación de cumplimiento emitida por el PEJC. El 2 de febrero de 2015, el licenciado presentó el informe solicitado, del cual se desprende que cumplió con los créditos requeridos para los periodos 2007-2009 y 2009-2011. Sin embargo, el informe también demuestra que el periodo que comprende desde el 1 de febrero de 2011 hasta el 31 de enero de 2013 está al

descubierto. Por consiguiente, el 12 de febrero de 2015, este Tribunal emitió una Resolución concediéndole al licenciado Ribas Dominicci un término de sesenta (60) días para completar los créditos requeridos.

El 20 de abril de 2015, el licenciado presentó una *Moción Informativa en Relación a Resolución Notificada el Día 19 de febrero de 2015* en la cual expresó que asistiría personalmente al PEJC para solicitar un plan que le permitiese estar en cumplimiento. El 28 de abril de 2015, este Tribunal emitió una Resolución concediéndole al licenciado un término de sesenta (60) días para cumplir con los requisitos del Programa.

El 22 de mayo de 2015, el PEJC compareció mediante una *Moción Informativa* y nos indicó que el licenciado acudió personalmente al Programa y solicitó orientación. En atención a lo anterior, el 26 de febrero de 2016, este Tribunal emitió una Resolución concediéndole al licenciado un término adicional de ciento ochenta (180) días para tomar los cursos adeudados.

El 29 de agosto de 2016, el licenciado presentó una *Moción* mediante la cual nos informó que se trasladó al estado de Georgia para recibir tratamiento y que estaría fuera de la jurisdicción por un periodo indeterminado, por lo que solicitó que le concediésemos una extensión médica. El licenciado Ribas Dominicci aún no ha subsanado las deficiencias señaladas.

## C. TS-12,353

El Lcdo. Norman Velázquez Torres fue admitido al ejercicio de la abogacía el 23 de enero de 1998 y prestó juramento como notario el 9 de marzo de 1999. El 19 de marzo de 2013, la entonces Directora del PEJC, Hon. Geisa Marrero Martínez, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal)* ante este Tribunal. Indicó que, el 23 de diciembre de 2010, el PEJC citó al licenciado Velázquez Torres a una vista informal por incumplir con los requisitos del Programa durante el periodo que comprende desde el 1 de marzo de 2007 al 28 de febrero de 2009. Explicó que refirió el asunto a este Tribunal toda vez que el licenciado no compareció a la vista señalada.[5]

El 2 de mayo de 2013, este Tribunal emitió una Resolución concediéndole al licenciado Velázquez Torres un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido.

El 12 de junio de 2013, el licenciado presentó una *Moción en Cumplimiento de Orden.* Explicó que no compareció a la vista informal porque no recibió la citación

---

[5] En su informe, la entonces Directora Ejecutiva del PEJC, Hon. Geisa Marrero Martínez, nos indica que el Lcdo. Norman Velázquez Torres tampoco ha cumplido con los requisitos del Programa para los periodos 2009-2011 y 2011-2013.

correspondiente ya que ésta se envió a una dirección incorrecta. De otra parte, expresó que no pudo cumplir con los requisitos del Programa por consideraciones económicas toda vez que abrió una oficina privada, la cual no ha tenido mucho éxito. Por consiguiente, solicitó un término de cuarenta y cinco (45) días para subsanar las deficiencias señaladas.

El 20 de junio de 2013, este Tribunal emitió una Resolución acogiendo la solicitud del licenciado y concediéndole un término adicional de cuarenta y cinco (45) días para tomar los cursos adeudados.

El 27 de septiembre de 2013, el licenciado Velázquez Torres presentó una *Moción en Cumplimiento de Orden*. En síntesis, expresó que cumplió con los requisitos del Programa para el periodo 2007-2009 e informó que estaba en proceso de matricularse en cursos adicionales para poder cumplir a cabalidad con su obligación.

El 7 de octubre de 2013, este Tribunal emitió una Resolución concediéndole al licenciado un término de veinte (20) días para presentar una certificación de cumplimiento emitida por el Programa.

El 7 de noviembre de 2013, el licenciado compareció mediante una *Moción en Cumplimiento de Orden* y presentó la certificación solicitada, de la cual se desprende que cumplió con los requisitos del Programa para el periodo que comprende desde el 1 de marzo de 2007 hasta el 28 de febrero de 2009. Además, expresó que el PEJC le concedió

un término adicional para subsanar los periodos 2009-2011 y 2011-2013, los cuales aún reflejaban deficiencias, e indicó que estaba en el proceso de tomar los cursos que le faltaban para estar en cumplimiento.

Así las cosas, el 6 de febrero de 2015, este Tribunal emitió una Resolución concediéndole al licenciado un término de quince (15) días para que acreditase, mediante la presentación de una certificación actualizada, su cumplimiento con los requisitos del Programa para el periodo que comprende desde el 1 de marzo de 2011 hasta el 28 de febrero de 2013. En la Resolución, se le apercibió que su incumplimiento con lo ordenado podría acarrear sanciones severas, incluyendo la suspensión del ejercicio de la abogacía.

El 16 de marzo de 2015, el licenciado presentó una *Moción en Cumplimiento de Orden* y expresó que la Resolución hacía referencia a un informe sobre incumplimiento que no se le había notificado, por lo que requirió que se le notificara copia del mismo. Además, solicitó un término adicional de treinta (30) días para atender la orden de este Tribunal por complicaciones en su calendario.

El 13 de abril de 2015, este Tribunal emitió una Resolución concediéndole el término solicitado. Sin embargo, el 1 de junio de 2015, el licenciado Velázquez Torres solicitó un término adicional de treinta (30) días para cumplir con lo ordenado. Expresó que una serie de

compromisos profesionales, entre estos, la celebración de un juicio en su fondo, la presentación de un recurso de *certiorari* y la presentación de dos recursos de apelación, le impidieron cumplir con nuestra orden dentro del término provisto.

El 9 de junio de 2015, este Tribunal emitió una Resolución concediéndole un término adicional de treinta (30) días para cumplir con nuestra orden.

El 27 de junio de 2015, el licenciado presentó una *Moción en Cumplimiento de Orden*. Indicó que el PEJC nunca lo citó a una vista informal por su incumplimiento con los requisitos del Programa para el periodo 2009-2011. Explicó que dicha situación le causó confusión toda vez que entendía que las órdenes de este Tribunal se referían al periodo 2007-2009, para el cual ya había cumplido con los requisitos del Programa. Por consiguiente, solicitó que se le concediera un término final de sesenta (60) días para subsanar las deficiencias señaladas.

El 14 de octubre de 2015, este Tribunal emitió una Resolución concediéndole al licenciado un término de treinta (30) días para cumplir con los créditos requeridos.

El 9 de noviembre de 2015, el licenciado presentó una *Moción en Cumplimiento de Orden* en la cual expresó que completó los requisitos del Programa para el periodo 2009-2011. Sin embargo, indicó que le faltaban 8.8 créditos para cumplir con los requisitos del periodo 2011-2013, los

cuales no pudo tomar durante el mes de octubre por conflictos en su calendario. No obstante, señaló que, en aras de completar los créditos adeudados, se matriculó en varios cursos que se ofrecerían durante los meses de noviembre y diciembre y anejó evidencia de su matrícula en los mismos. Por último, solicitó un término adicional para cumplir con los requisitos del Programa para el periodo 2013-2015.

El 14 de enero de 2016, este Tribunal emitió una Resolución concediéndole al licenciado un término de veinte (20) días para presentar una certificación de cumplimiento emitida por el PEJC.

El 5 de febrero de 2016, el licenciado Velázquez Torres presentó una *Moción Informativa Relacionada a Notificación y Solicitando Tiempo Adicional para Tomar Cursos Pendientes.* En su escrito, expresó que varios de los cursos en los que se había matriculado fueron cancelados y que las fechas en que éstos se celebrarían confligían con compromisos profesionales previamente establecidos. Además, señaló que su intención era cumplir con su obligación, pero que su situación económica no se lo permitía. Por consiguiente, solicitó un término adicional de ciento veinte (120) días para cumplir con los requisitos del Programa.

El 28 de abril de 2016, este Tribunal emitió una Resolución concediéndole al licenciado un término de noventa (90) días para tomar todos los cursos adeudados y

para acreditar su cumplimiento con lo ordenado mediante la presentación de una certificación de cumplimiento emitida por el Programa. Al presente, el licenciado Velázquez Torres no ha cumplido con nuestra orden.

### D. TS-4,658

El Lcdo. Reinaldo Ramos Valentín fue admitido al ejercicio de la abogacía el 17 de diciembre de 1974 y prestó juramento como notario el 10 de enero de 1975.[6] El 7 de mayo de 2015, la entonces Directora del PEJC, Hon. Geisa Marrero Martínez, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* ante este Tribunal. Señaló que, el 13 de julio de 2009 y el 8 de septiembre de 2011, le envió avisos de incumplimiento al licenciado Ramos Valentín por incumplir con los requisitos del Programa durante los periodos que comprenden desde el 1 de junio de 2007 al 31 de mayo de 2009 y desde el 1 de junio de 2009 al 31 de mayo de 2011. Explicó que, a pesar de que se le otorgó un término adicional de sesenta (60) días para tomar los cursos adeudados, el licenciado Ramos Valentín no tomó los cursos requeridos, ni pagó la cuota por cumplimiento tardío para los periodos antes señalados.

En consecuencia, el 17 de mayo de 2011, el PEJC citó al licenciado a una vista informal con el propósito de atender su incumplimiento con los requisitos del Programa

---

[6] Según surge del expediente, el Lcdo. Reinaldo Ramos Valentín fue suspendido del ejercicio de la abogacía y de la notaría el 28 de junio de 1996 mediante Opinión *Per Curiam*. El 3 de diciembre de 2004, el licenciado Ramos Valentín fue reinstalado al ejercicio de la abogacía y, el 29 de abril de 2005, al ejercicio de la notaría.

durante el periodo 2007-2009. El licenciado Ramos Valentín no compareció a la vista, por lo que, el 28 de enero de 2014, se le notificó la determinación de la entonces Directora Ejecutiva, mediante la cual se le concedió un término adicional de treinta (30) días para subsanar las deficiencias señaladas y se le apercibió que podría ser citado a una vista informal por su incumplimiento con el periodo 2009-2011. Así las cosas, el 31 de enero de 2014, el PEJC citó al licenciado a una vista informal para atender su incumplimiento con los requisitos del Programa durante el periodo 2009-2011. El licenciado Ramos Valentín tampoco compareció a esta vista.[7]

Ante la actitud pasiva del licenciado, el PEJC refirió el asunto a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final para subsanar la deficiencia.

El 21 de julio de 2015, este Tribunal emitió una Resolución concediéndole al licenciado un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido.

El 20 de agosto de 2015, el licenciado Ramos Valentín presentó una *Contestación en Cumplimiento de Orden*. Expresó que incumplió con los requisitos del Programa por consideraciones económicas, pero que su situación ha

---

[7] Según se desprende del Informe, el licenciado Ramos Valentín tampoco ha cumplido con los requisitos del Programa para el periodo 2011-2013.

comenzado a mejorar ya que se integró como socio en una organización conocida como Immigration Center, la cual presta servicios en el área de Mayagüez. Por consiguiente, solicitó que se devolviera su caso al PEJC para que dicha oficina redactase un plan de cumplimiento.

El 13 de octubre de 2015, este Tribunal emitió una Resolución concediéndole al licenciado un término de noventa (90) días para completar los créditos requeridos y para presentar una certificación de cumplimiento emitida por el Programa. Además, le ordenó pagar las cuotas por cumplimiento tardío para los periodos correspondientes en un término de treinta (30) días.

El 11 de diciembre de 2015, el licenciado Ramos Valentín compareció mediante una *Contestación en Cumplimiento de Orden*. En su escrito, informó que, el 3 de octubre de 2015, fue hospitalizado en el Centro Médico de Mayagüez a causa de una infección bacteriológica que invadió todo su pie causándole una necrosis. Explicó que dicha infección ocasionó que le amputaran el pie derecho y que, posteriormente, fue trasladado en dos ocasiones a Sala de Operaciones en donde le realizaron dos amputaciones adicionales para evitar que las bacterias llegasen a su corazón. Añadió que fue dado de alta el 3 de noviembre de 2015 para continuar recibiendo tratamiento desde su hogar. En ese contexto, explicó que no tendrá ingresos hasta que culmine todo su tratamiento, lo cual ocurrirá cuando se le diseñe una prótesis y lo entrenen a

caminar con ella. Por consiguiente, nos solicitó que dejásemos sin efecto nuestra orden por estar imposibilitado de cumplirla.

El 5 de mayo de 2016, este Tribunal emitió una Resolución concediéndole al licenciado un término final e improrrogable de noventa (90) días para completar los cursos adeudados, presentar una certificación del PEJC que acredite su cumplimiento con los requisitos del Programa y pagar las cuotas por cumplimiento tardío de los periodos correspondientes. Además, se le apercibió al licenciado que, de no poder cumplir con lo ordenado, debería solicitar ante la Secretaría de este Tribunal un cambio de estatus a abogado inactivo. Finalmente, se le advirtió que su incumplimiento con esta Resolución acarrearía su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. El licenciado Ramos Valentín aún no ha cumplido con lo ordenado.

## II.

El Canon 2 del Código de Ética Profesional le impone a los abogados admitidos al ejercicio de la profesión la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]". 4 LPRA Ap. IX. Por ello, en virtud de nuestro poder inherente para reglamentar la práctica de la abogacía, adoptamos el Reglamento de Educación Jurídica Continua y,

posteriormente, el Reglamento del Programa de Educación Jurídica Continua. Véase In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998); In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005). Véase, además, In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 193 DPR 233 (2015).

El incumplimiento por parte de un abogado con los requisitos del Programa es un acto contrario al deber de excelencia y competencia que requiere el Canon 2 del Código de Ética Profesional, supra. In re López Santos, et al., 2016 TSPR 37, pág. 11, 194 DPR ___ (2016); In re Nieves Vázquez, et al., 2016 TSPR 22, pág. 13, 194 DPR ___ (2016). Por consiguiente, en reiteradas ocasiones hemos suspendido a abogados y abogadas del ejercicio de la profesión por incumplir con los requisitos del PEJC y por no atender sus requerimientos. Véase In re López Santos, et al., supra; In re Nieves Vázquez, et al., supra.

Por otro lado, los miembros de la profesión legal tienen la obligación de responder oportunamente a los requerimientos de este Tribunal. Véase In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, 185 DPR 938, 943-944 (2012). En numerosas ocasiones hemos señalado que desatender nuestras órdenes constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que conlleva la suspensión del ejercicio de la abogacía. In re López Santos, et al., supra, págs. 11-12; In re

Nieves Vázquez, *et al.*, supra, págs. 13-14; In re Guzmán Rodríguez, 187 DPR 826, 829 (2013).

Finalmente, consideramos necesario reiterar el deber que tienen todos los miembros de la profesión legal de mantener actualizada su información personal en RUA, según lo exige la Regla 9(j) de nuestro Reglamento. 4 LPRA Ap. XXI-B. Dicha información incluye la dirección a la cual este Tribunal debe enviar las notificaciones correspondientes, por lo que el incumplimiento con dicho deber constituye un obstáculo para el ejercicio de nuestra jurisdicción disciplinaria y es fundamento suficiente para ordenar la suspensión inmediata del ejercicio de la profesión. In re López Santos, *et al.*, supra, págs. 11-12; In re Nieves Vázquez, *et al.*, supra, págs. 13-14; In re López González, *et al.*, 2015 TSPR 107, 193 DPR ___ (2015).

### III.

En vista de los hechos aquí reseñados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía de la licenciada Abadía Muñoz, del licenciado Ribas Dominicci, del licenciado Velázquez Torres y del licenciado Ramos Valentín. Asimismo, suspendemos inmediata e indefinidamente de la práctica de la notaría al licenciado Velázquez Torres y al licenciado Ramos Valentín. Por consiguiente, se le impone a cada uno de ellos el deber de notificar a sus respectivos clientes sobre su inhabilidad para continuar representándolos y de devolverles cualesquiera honorarios recibidos por

servicios profesionales no realizados. De igual forma, deberán informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tengan algún asunto pendiente. Además, deberán acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá de inmediato a incautar la obra notarial del licenciado Velázquez Torres y del licenciado Ramos Valentín y la entregará a la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente al licenciado Ribas Dominicci, al licenciado Velázquez Torres y al licenciado Ramos Valentín. En cuanto a la licenciada Abadía Muñoz, notifíquese por correo certificado con acuse de recibo.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Maressa Abadía Muñoz | TS-10,325 |
| Salvador Ribas Dominicci | TS-7,552 |
| Norman Velázquez Torres | TS-12,353 |
| Reinaldo Ramos Valentín | TS-4,658 |

SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se ordena la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Maressa Abadía Muñoz y de los Lcdos. Salvador Ribas Dominicci, Norman Velázquez Torres y Reinaldo Ramos Valentín. Asimismo, suspendemos inmediata e indefinidamente de la práctica de la notaría al licenciado Velázquez Torres y al licenciado Ramos Valentín.

Les imponemos el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos y de devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, deberán informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tengan algún asunto pendiente. Además, deberán acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de los Lcdos. Norman Velázquez Torres y Reinaldo Ramos Valentín y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo